Ex parte CHAN WY SHEUNG.

(District Court, N. D. California, S. D. November 20, 1919.)

No. 16672.

ALIENS ⊚═32(8)—EVIDENCE INSUFFICIENT TO SUSTAIN ORDER EXCLUDING CHINESE.

Where a Chinese applicant's father had been admitted as a native-born citizen, and applicant's two brothers were subsequently admitted as sons of a native-born citizen, *held*, that a declaration, claimed to have been made by applicant's father in Canada, giving China as the father's birthplace and an instrument by applicant's grandfather, stating that he arrived in the United States subsequent to the date applicant's father had claimed to have been born in this country, were insufficient to authorize the department in overturning its previous decisions and excluding the applicant.

Habeas corpus proceedings by Chan Wy Sheung. Demurrer to petition overruled, and writ issued.

Joseph P. Fallon, of San Francisco, Cal., for petitioner.

Annette Abbott Adams, U. S. Atty., and Benjamin F. Geis, Asst. U. S. Atty., Both of San Francisco, Cal., for respondent.

RUDKIN, District Judge. The facts in this case are substantially as follows:

Chan Young, the father of the present applicant, was admitted to the United States in December, 1899, as a native-born citizen, after a full hearing before the proper department. The testimony introduced on that hearing, consisting of the testimony of the then applicant, his father, and at least one other witness familiar with the time and place of the applicant's birth, showed without contradiction that the applicant was born at 751 Sacramento street, San Francisco, state of California, in the year 1875. In the year 1909 or 1910 Chan Way Bon, a son of Chan Young, was admitted as the son of a native-born citizen, and in 1917 Chan Way Ging, another son, was likewise admitted as the son of a native-born citizen. It is conceded by the government that the present applicant is a brother of the two last-named Chinese, and a son of Chan Young, who, as already stated, was formally admitted to the United States as a native-born citizen 20 years ago. Chan Young died in San Francisco in 1912, having resided continuously in the United States from the time of his admission up to the time of his death. The grandfather is likewise dead. The denial of the admission in this case was based upon the fact that the father of the applicant under the name of Chun Wan Mong on the 2d of June, 1899, filed a statement and declaration for registration at Victoria, British Columbia, stating that he was born at Ding Boy, Sun Woy district, China, and that he was then of the age of 25 years. There was likewise offered in evidence at the present hearing a certified copy of an application for a certificate of residence, made by Chin Wong, the grandfather of the applicant, on the 10th day of April, 1894, stating, among other things, that the applicant arrived in the United States in May, 1876.

Based upon these two certificates or statements, it is argued by the government that the father of the applicant was not a citizen of the United States, and that the statement of the grandfather that he arrived in the United States in 1876 precludes the idea that his son was born here in 1875. There are grave doubts in my mind whether either of these statements or certificates are competent or admissible as against the applicant. There is also a grave doubt in my mind as to whether the declaration made at Victoria was actually made by the father of the applicant. There is no testimony in the record tending to identify him as the person who made the declaration, and while the declaration shows that the applicant arrived at Victoria by the steamship Umatilla, there is other testimony tending to show that he in fact arrived by the steamer Walla Walla. But, in any event, it occurs to me that the department should be bound in this matter by its own prior adjudications, made at a time when the witnesses who had knowledge of the facts were living, and able and competent to testify, and that it would be a gross injustice to exclude the applicant now, after the death of his father and his grandfather, when it is utterly impossible to explain or contradict the ex parte statements offered in evidence against him.

As to the declaration of the grandfather, it was not in evidence before the department, and perhaps should not be considered; but in any event, it seems to me, entirely too much importance is attached to the matter of dates. As showing the ease with which dates may be confused or misstated, I need only refer to the record in this case, to show that it is stated in the brief of counsel for the government and the memorandum prepared for the Secretary that the application of the grandfather was dated April 13, 1894, whereas the certified copy shows that it was dated April 10. Furthermore, the testimony given by the grandfather in 1899 showed that he had been a resident of the United States for 30 years, which would carry him back to the '60's, and away beyond the birth of the applicant. I am fully aware of the limited power of the courts in matters of this kind, and of the force and effect that must be given to the findings of the department; but I am of the opinion that the question here presented is one of law rather than of fact, and I cannot sanction the injustice that would result from excluding the applicant from the country at this late day under the circumstances disclosed by this record. The decisions of the department, after a full hearing, should be given some effect, and should not be overturned or set aside in subsequent cases upon any such pretext or for any such reason as is here assigned.

The demurrer is therefore overruled, and the writ of habeas corpus will issue as prayed, returnable November 22, 1919, at 10 o'clock a. m.